**FILED: 8/13/2019 2:20 PM**
**Vickie Edgerly, District Clerk**
**Orange County, Texas**
**Reviewed By: Annette Vaughan**

NO. A190310-C

| | | |
|---|---|---|
| SMOKERS EXPRESS WINE | § | IN THE DISTRICT COURT OF |
| & SPIRIT LLC | § | |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| VERICLAIM, INC., and | § | |
| NONA LOFTUS | § | 128th   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SMOKERS EXPRESS WINE & SPIRIT LLC,** Plaintiff in the above-entitled and numbered cause and files this Plaintiff's Original Petition, complaining of **AMGUARD INSURANCE COMPANY, VERICLAIM, INC. and NONA LOFTUS,** Defendants, (hereinafter referred to collectively as ("Defendants"), and for cause of action would respectfully show unto the Court the following:

### Parties

1.      Plaintiff, Smokers Express Wine & Spirit LLC, is a limited liability company doing business in the State of Texas, appearing in Court through its attorney of record.

2.      Defendant, AmGuard Insurance Company, is an insurance company operating in the State of Texas and may be served by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.      Defendant, VeriClaim, Inc. is a corporation operating in the State of Texas and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

1

4.      Defendant, Nona Loftus, is an individual employed by AmGuard Insurance Company and may be served with process by his employer, through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### Discovery Plan

5.      This matter is governed by Discovery Plan Level 2.

### Jurisdiction and Venue

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

      A.   monetary relief over $1,000,000.00, and

      B.   a demand for judgment in that amount.

8.      Venue is proper in Orange County, because all of the Defendants' acts and omissions occurred in Orange County, Texas, according to Texas Civil Practice and Remedies Code Section 15.002(a)(1). All matters at issue arise in Orange County, Texas.  The jurisdictional amounts are within the jurisdictional limits of this Court.

### Facts

9.      On or about August 25, 2017, Plaintiff sustained substantial damage to its property located at 1050 N. 16th Street, Orange, Orange County, Texas, as a result of wind and hurricane/storm damage from Hurricane Harvey.

10.     Plaintiff reported this loss to its insurance company, AmGuard Insurance Company, who set up a claim through its adjuster, Nona Loftus and VeriClaim, Inc.   AmGuard Insurance Company conducted an initial, outcome-oriented, inspection through VeriClaim, Inc. and AmGuard adjuster, Nona Loftus. Defendants then issued a denial of claim letter.

2

11.     Plaintiff's property was covered by a policy of insurance issued by the Defendant, AmGuard

Insurance Company, under Policy No. SMBP842731 in the amount of $408,000 in Structural

Coverage; $100,000 in Business Personal Property Coverage; $10,000 in Debris Removal Coverage;

$10,000 in Outdoor Property Coverage; $5,000 in Outdoor Signs Coverage; $25,000 in Valuable

Papers and Records Coverage, and Business Income and Extra Expense coverage up to 12 months

(actual loss).  Plaintiff provided notice of loss under the insurance policy at issue; namely, **wind,**

**storm/hurricane damage to the structure and contents/loss of use**. Defendant, AmGuard

Insurance Company, through VeriClaim, Inc. and Nona Loftus, set up the claim (Claim No.

SMBP842731-001-001-001) and   inspected Plaintiff's property and adjusted Plaintiff's

wind/hurricane loss/claim.  Despite receiving proper notice and Plaintiff's compliance with the

requirements of the policy of insurance, Defendants did not conduct reasonable investigations and/or

inspections of the premises and failed to make reasonable attempts to pay full benefits due and

owing under the policy of insurance and claims at issue.

12.     Defendants knowingly and intentionally minimized Plaintiff's claims, in part, and failed to

fully compensate Plaintiff for the wind-related (storm related) losses when the insurance carrier's

liability was reasonably clear.  Defendants, AmGuard Insurance Company, VeriClaim, Inc. and

Nona Loftus, failed to report the entire wind/storm loss thereby minimizing payment to Plaintiff on

the claim.   Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, failed

to fully calculate the nature, extent, and amount of the wind/storm loss, again in an effort to

minimize the payment to Plaintiff.

13.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus,

misrepresented both the nature and extent of the damages caused by the wind/storm and grossly

underpaid Plaintiff based on the value of the property; all leading to a substantial underpayment of

3

policy benefits to Plaintiff...........**by and through the following specific acts/omissions committed**

**by Defendants, VeriClaim, Inc. and Nona Loftus:**

    a.    **Not addressing all of the structural damage (including all exterior wind/storm damage to the structure);**

    b.    **Not addressing all of the structural damage (including interior damage at the property);**

    c.    **Not allowing for overhead and profit on Defendants' estimate;**

    d.    **Not addressing any general conditions at the property;**

    e.    **Not authoring a reasonable estimate based on the extent of the wind/storm damage;**

    f.    **Failing to timely issue proper/full payment;**

    g.    **Failing to pay recoverable depreciation (RCV);**

    h.    **Authoring fraudulent and inconsistent reports that established the damages were not covered under the policy;**

    i.    **Drafting, authoring, and creating letters for the improper payment amount (letters were fraudulent);**

    j.    **Mailing letters for the improper payment amount;**

    k    **Failing to pay mandatory statutory interest on all under-payments once the Ins. Code Demand letter was mailed.**

14.    The above referenced facts document <u>a clear breach of the terms of the contract</u> (to pay for wind/storm related damage), as well as <u>a clear breach of Defendants' duty of good faith and fair dealing</u>.

15.    As detailed in the above paragraphs, AmGuard Insurance Company wrongfully adjusted Plaintiff's claims for structural repairs to the property, contents loss and loss of Business Income. Furthermore, AmGuard Insurance Company underpaid Plaintiff's claims by not providing full coverage for the damage sustained by the Plaintiff as well as under 'scoping' the damages during

4

its investigation. Additionally, AmGuard Insurance Company continues to delay in the full payment of damages to the structural damages, contents loss, and loss of Business Income and statutory interest...............Plaintiff sent their 60-day Insurance Notice to Defendants on June 20, 2019. **See Exhibit A.** Furthermore, Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus failed to comply with the Texas Insurance Code by not paying statutory interest on its initial underpayment.

16.     Defendant, AmGuard Insurance Company, failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. AmGuard Insurance Company's conduct constitutes a breach of the insurance contract between AmGuard Insurance Company and Plaintiff.

17.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence----wind/storm/hurricane. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

18.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

19.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

20.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

21.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus refused to fully compensate Plaintiff, under the terms of the Policy, by failing to conduct a reasonable investigation. Specifically, Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

6

22.     Defendant, AmGuard Insurance Company, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's full claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. AmGuard Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

23.     Defendant, AmGuard Insurance Company, failed to accept or deny Plaintiff's full and entire claim within statutorily mandated time of receiving all necessary information. AmGuard Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

24.     Defendant, AmGuard Insurance Company, failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. AmGuard Insurance Company's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

25.     From and after the time Plaintiff's claim was presented to Defendant, AmGuard Insurance Company, the liability of AmGuard Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, AmGuard Insurance Company has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. AmGuard Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly

.7

concealed all or part of material information from Plaintiff.

27.     As a result of Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus's

wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney

and law firm who is representing it with respect to these causes of action.  Plaintiff, through its

attorney, notified Defendants of its claims.  **See Exhibit A.**

<center>Causes of Action:</center>

<center>**Causes of Action Against Defendant, AmGuard Insurance Company, Only**</center>

28.     Defendant, AmGuard Insurance Company, is liable to Plaintiff for intentional breach of

contract, as well as intentional violations of the Texas Insurance Code and intentional breach of

good faith and fair dealing.

<center>**Anticipatory Breach**</center>

29.     Defendant, AmGuard Insurance Company, committed an anticipatory breach of the

insurance contract thus relieving Plaintiff of any corresponding obligation on the contract.

Defendant's denial of liability without justification was unreasonable and unjust.

<center>**Breach of Contract**</center>

30.     Defendant, AmGuard Insurance Company's conduct constitutes a breach of the insurance

contract made between AmGuard Insurance Company and Plaintiff.

31.     Defendant, AmGuard Insurance Company's failure and refusal, as described above, to pay

the adequate compensation as it is obligated to do under the terms of the Policy in question and

under the laws of the State of Texas, constitutes a breach of AmGuard Insurance Company's

insurance contract with Plaintiff.

<center>8</center>

## Noncompliance with Texas Insurance Code
## Unfair Settlement Practices

32.     Defendant, AmGuard Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

33.     Defendant, AmGuard Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

34.     Defendant, AmGuard Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though AmGuard Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

35.     Defendant, AmGuard Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

36.     Defendant, AmGuard Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

9

37.     Defendant, AmGuard Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

<div align="center">

**Noncompliance with Texas Insurance Code**
**The Prompt Payment of Claims**

</div>

38.     Defendant, AmGuard Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

39.     Defendant, AmGuard Insurance Company's failure to acknowledge receipt of Plaintiff's full claim, commence investigation of the full claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

40.     Defendant, AmGuard Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

41.     Defendant, AmGuard Insurance Company's delay of the payment of Plaintiff's full claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

<div align="center">

10

</div>

### Breach of the Duty of Good Faith and Fair Dealing

42.     Defendant, AmGuard Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

43.     Defendant, AmGuard Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, AmGuard Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### Causes of Action Against Defendants, VeriClaim, Inc. and Nona Loftus, Only

### Noncompliance with Texas Insurance Code Unfair Settlement Practices

44.     Defendants, VeriClaim, Inc. and Nona Loftus's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) All violations under this article are made actionable by Tex. Ins. Code §541.151.

45.     Defendants, VeriClaim, Inc. and Nona Loftus's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(1).

46.     Defendants, VeriClaim, Inc. and Nona Loftus's settlement practice, as describe above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

47.     Defendants, VeriClaim, Inc. and Nona Loftus's unfair settlement practice, as described

above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the

Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the

claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

business of insurance. Tex. Ins. Code §541.060(a)(3).

48.     Defendants, VeriClaim, Inc. and Nona Loftus's unfair settlement practice, as described

above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to

submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060 (a)(4).

49.     Defendants, VeriClaim, Inc. and Nona Loftus's unfair settlement practice, as described

above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of

insurance. Tex. Ins. Code §541.060(a)(7).

### Fraud Against Defendants, AmGuard Insurance Company, VeriClaim, Inc. And Nona Loftus

50.     Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus are liable to

Plaintiff for common law fraud.

51.     Each and every one of the representations, as described above, concerned material facts for

the reason Plaintiff would not have acted and which Defendants, AmGuard Insurance Company,

VeriClaim, Inc. and Nona Loftus knew were false or made recklessly without any knowledge of

their truth as a positive assertion. Each Defendant was engaged in the "business of insurance" at

the time these fraudulent representations were made during the adjustment of Plaintiff's claim.

52.     The statements were made with the intention that they should be acted upon by Plaintiff, who

in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting

common law fraud.

## Conspiracy to Commit Fraud Against Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus

53. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus are liable to Plaintiff for conspiracy to commit fraud. Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, AmGuard Insurance Company, VeriClaim, Inc. and Nona Loftus, committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result of Defendants' acts/omissions. At all times, Defendants knew that their liability was reasonably clear, and still failed to properly handle their claim which constitutes a breach of the duty of good faith and fair dealing.

### Knowledge/Intent

54. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as the terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

### Damages

55. Plaintiff will show that all of the above referenced acts were the producing cause(s) of Plaintiff's damages. The damages caused by the wind/storm/hurricane have left Plaintiff's property severely damaged. These damages have not been properly addressed by Defendants and have not been repaired due to the non-payment causing further damage to the Property, which has led to undue hardship and burden on Plaintiff. These damages are a result of Defendants' mishandling

of Plaintiff's claim in direct violation of the laws detailed above.

56.     For Plaintiff's breach of contract cause of action, Plaintiff is entitled to the benefits he should have received under the policy of insurance in place at the time of the wind loss. Plaintiff is asking for full benefits due and owing under the policy, along with its attorney's fees and expenses. Plaintiff is entitled to full policy benefits that are due and owing for its loss.

57.     For the violations of the Texas Insurance Code and Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the full benefits due and owing under the policy, attorney's fees and expenses and costs of court. Furthermore, because Defendants' acts were committed knowingly, Plaintiff is entitled to three times its actual damages.

58.     For violations of the Texas Insurance Code and Prompt Payment of Claims, Plaintiff is entitled to its damages, as detailed above and below, as well as eighteen percent statutory interest per year as damages, along with attorney's fees and expense.

59.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to all damages, including those detailed above and below, as well as all forms of loss resulting from Defendants' breach of said duty, including but not limited to additional costs, losses due to nonpayment of the amount(s) owed under the policy, economic hardship, punitive damages, exemplary damages.

60.     For Defendants' fraudulent acts, Plaintiff is entitled to recover actual damages and exemplary damages for Defendants' knowingly making fraudulent representations, along with attorney's fees, interest, and costs of court.

61.     The acts and omissions of these Defendants  have made it necessary for Plaintiff to retain undersigned counsel, and Plaintiff agreed to pay undersigned counsel reasonable and necessary attorney's fees, expenses, and costs of suit. Plaintiff's counsel has a forty percent (40%) contingent

fee.  When calculated on an hourly rate basis, however, at customary hourly rate charges in this community, Plaintiff anticipates that attorney's fees and expenses incurred through a trial of this case will be approximately $100,000.00 to $350,000.00, in the discretion of the jury, and also that any necessary appellate attorney's fees and expenses will be approximately $15,000.00, or in an amount in the discretion of the jury. Plaintiff is entitled to recover its reasonable and necessary attorney's fees and expenses under applicable provisions of the Texas Insurance Code.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that Plaintiff recover its actual damages, consequential damages, statutory damages and enhancements, punitive damages, attorney's fees, costs, expenses, interest, and for such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFF, SMOKERS EXPRESS WINE & SPIRIT, LLC**

# LINDSAY , LINDSAY & PARSONS

### ATTORNEYS AT LAW
710 NORTH 11ᵀᴴ STREET
BEAUMONT, TEXAS 77702
PHONE (409) 833-1196  FACSIMILE (409) 832-7040
www.llptx.com

**Barrett P. Lindsay**
blindsay@llptx.com
Partner

**John Pat Parsons**
jparsons@llptx.com
Partner

**Michael J. Lindsay**
mlindsay@llptx.com
Of Counsel

### TEXAS INSURANCE CODE NOTICE LETTER

June 20, 2019

AmGuard Insurance Company ("AmGUARD")     *Via CM/RRR# 7018 1830 0000 5911 4206*
Berkshire Hathaway GUARD Insurance Companies
P&C Claims
Attn: Nona F. Loftus
PO Box 1368
44 West Market Street
Wilkes-Barre, PA 18703

VeriClaim Inc.                           *Via CM/RRR# 7018 1830 0000 5911 4190*
1833 Centre Point Circle, Suite 139.
Naperville, IL 60563-1484

Re:  **Our Client:**       **Smokers Express Wine & Spirit LLC** .
     **Claim No.:**        **SMBP842731-001-001-001**
     **Policy No.:**       **SMBP842731**
     **Date of Loss:**     **August 25, 2017**
     **Location of Loss:** **1050 N. 16ᵗʰ St.**
                           **Orange, TX 77630-3604**

Dear:  AmGUARD, Berkshire Hathaway GUARD Insurance Companies and VeriClaim Inc. and
its adjusters:

Please be advised my firm has been retained by **Smokers Express Wine & Spirit LLC**, with
respect to **losses as a result of the above referenced claim**. It appears from our investigation
AmGuard Insurance Company and VeriClaim Inc. never properly investigated the claim/losses nor
paid full benefits that were due and owing under the policy for the **Smokers Express Wine & Spirit
LLC's** losses. Based on our client's contention that this claim has never been properly handled, we
investigated this matter and found a significant underpayment due to damages to the house.

**During September 2017, your companies inspected the property for a claim with a
reported DATE OF LOSS of August 25, 2017.** A DENIAL letter was sent on September 21, 2017
based on "flood/water" and "wear/tear" language in the policy. **See Exhibit 1.** This denial letter
clearly evidences AmGuard Insurance Company's intent to avoid its duties under the policy after



completion of the inspection.

As you know, an insurance company and its adjusters have a duty to act fairly and in good faith with their insureds. Unfair practices include such things as failing to attempt in good faith to arrive at a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear; and failing to provide a policy holder with a reasonable explanation of either the insurer's denial of a claim or offer to compromise a settlement within a reasonable time limit.

Please understand my client wishes to reach an amicable resolution to this matter without the burden or expense of litigation. However, any filing would seek damages for Ch. 541 and 542 Insurance Code violations, as well as breach of the duty of good faith and fair dealing, fraud and breach of contract. At trial, my client would be seeking recovery of all damages available under Texas law, including, but not limited to actual damages, statutory penalties (including 18% annual interest on all unpaid amounts), treble damages for "knowingly" underpaying these claims, as well as all interest, attorney's fees, costs and expenses incurred in prosecuting this matter.

**Smokers Express Wine & Spirit LLC** purchased an insurance policy from AmGuard Insurance Company to protect its property from this type of loss. To date, AmGuard Insurance Company has not properly paid the benefits due and owing under the insurance policy. These acts are violations of the Insurance Code and are actionable under Texas law. Based on our review of the records, it does not appear that AmGuard Insurance Company properly handled this claim. The investigation and claims handling was consistent with that of an outcome oriented investigation and report, in an effort to minimize the amount of policy benefits AmGuard Insurance Company would pay.

AmGuard Insurance Company failed to take all damages into consideration when formulating its estimate(s), as the damage was clear as can be seen in the photographs enclosed, and then failed to pay this claim fairly.

Notice is hereby given under Section 541.154 of the Texas Insurance Code that my client has sustained economic damages, to date, in unpaid benefits that are due and owing. Based on the policy, the deductible ($4,080.00) and the non-payment ($0.00), your company still owe **Smokers Express Wine & Spirit LLC**:

- $113,899.15 in actual damages to structure (see **Exhibit 2**);
- $123,800.00 in contents damages (see **Exhibit 3**);
- $78,170.00 in lost business income/extra expense after Harvey (see **Exhibit 4**);
- statutory interest at 18%/year totaling $52,000.00;
- treble damages in the amount of $630,000.00 for "knowingly" denying this claim;
- attorney's fees and expenses.

**Smokers Express Wine & Spirit LLC** was forced to hire my firm since AmGuard Insurance Company has yet to pay the full loss, which is due and owing. **Demand, prior to filing suit, is therefore made pursuant to the DTPA and Insurance Code for the amount of $650,000.00.**

It is the intention of **Smokers Express Wine & Spirit LLC** and this firm that no binding settlement exists until any proposal and acceptance are both (i) reduced to a written settlement agreement approved by all parties to the settlement, (ii) signed by all parties for which the settlement agreement contemplates signature, and (iii) until all conditions or events required by the settlement agreement are fully satisfied. Neither this compromise settlement proposal or the accompanying facts and analysis contained in this document shall be construed as an admission or will be admissible at trial.

Please be advised that under the Insurance Code an award of court costs and reasonable and necessary attorney's fees is mandatory to an insured who prevails in such a lawsuit. Please be further advised that treble damages may be awarded at trial in the event that the jury finds that actionable conduct was committed "knowingly."

This demand will remain open for statutorily allotted sixty (60) day period at which time if no response is received, the demand will expire and we will proceed in a manner that will fully protect our client's legal rights. Please contact my office at your earliest convenience to discuss settlement of these claims.

I appreciate your immediate attention to this matter. Since my client is represented by counsel, please direct all future communications directly to the undersigned. I look forward to hearing from you in the very near future.

Very truly yours,

JOHN PAT PARSONS

---

*Attachment:*   *Exhibit 1: Denial Letter*
*Exhibit 2: Insured's Estimate of Repairs*
*Exhibit 3: Content' Loss List/Report*
*Exhibit 4: Business Income/Extra Expense Documentation*

cc:      Smokers Express Wine & Spirit LLC



P & C Claims<br>PO Box 1368<br>44 West Market Street<br>Wilkes-Barre, PA 18703<br>P: 800.673.2465

**Sent via UPS Ground**

September 21, 2017

Smokers Express Win & Spirit LLC
DBA Smokers Express Wine & Spirit
1050 N 16th St
Orange, TX 77630

**RE:**

| | |
|---|---|
| **Policyholder** | : **Smokers Express Wine & Spirit LLC** |
| **Policy Number** | : **SMBP842731** |
| **Policy Period** | : **January 22, 2017 to January 22, 2018** |
| **Date of Loss** | : **August 25, 2017** |
| **Claim Number** | : **SMBP842731-001-001-001** |
| **Carrier** | : **AmGUARD Insurance Company** |

Dear Policyholder:

I represent the interests of AmGUARD Insurance Company ("AmGUARD") relative to the above-referenced claim. AmGUARD was placed on notice of a claim for water leaking into the building and causing damages to the interior building materials and contents as a result of weather conditions during/after Hurricane Harvey. AmGUARD understands that in reporting this claim, Smokers Express Wine & Spirit LLC is requesting that AmGUARD provide it with coverage and indemnity for the Claim under the AmGUARD policy SMBP842731.

This letter is to advise you that based upon careful review of the facts surrounding this loss, and the terms, conditions, limitations, exclusions and/or endorsements of the Policy, we have concluded that there is no coverage afforded to Smokers Express Wine & Spirit LLC under the AmGUARD Policy for the damages asserted. Accordingly, for the reasons set forth in greater detail below, AmGUARD Insurance Company respectfully disclaims any duty to indemnify Smokers Wine & Spirit LLC for the losses in connection with this claim.

**The Claim**

You reported that water leakage occurred in the building during Hurricane Harvey. It was further reported that the water leakage caused damages to the interior building materials and contents.

**The Policy**

AmGUARD Insurance Company issued Businessowners Policy SMBP842731 (the "Policy") to Smokers Express Wine & Spirit LLC. The policy period is from January 22, 2017 to January 22, 2018. The Policy is an "Occurrence" policy, which provides Business Property and Business Liability coverage for covered claims occurring during the Policy Period. The policy is subject to all terms, conditions, limitations, and exclusions contained therein. To illustrate the reason for our denial of coverage in this matter we direct your attention to pertinent policy provisions.



Page 1 of 5



**P & C Claims**
**PO Box 1368**
**44 West Market Street**
**Wilkes-Barre, PA 18703**
**P: 800.673.2465**

The policy must be read in its entirety, but we provide the following relevant sections in whole or part for convenience.

We first direct your attention to the following policy provisions in the BP 00 03 01 10 Businessowners Coverage Form:

### SECTION I – PROPERTY

#### A. Coverage
*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

#### 1. Covered Property
*Covered Property includes Buildings as described under Paragraph a. below, Business Personal Property as described under Paragraph b. below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph 2. Property Not Covered.*

*Please also be referred to Page 1 of 49, which states:*

#### 3. Covered Causes Of Loss
*Risks of direct physical loss unless the loss is:*
      *a.    Excluded in Paragraph B. Exclusions in Section I; or*
      *b.    Limited in Paragraph 4. Limitations in Section I.*

We also refer you to, P. 14-19:

#### B.    Exclusions
*1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*
        **g.   Water**
            **(1)**   *Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);*
            **(2)**   *Mudslide or mudflow;*
            **(3)**   *Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;*
            **(4)**   *Water under the ground surface pressing on, or flowing or seeping through:*
                *(a)   Foundations, walls, floors or paved surfaces;*
                *(b)   Basements, whether paved or not; or*
                *(c)   Doors, windows or other openings; or*
             **(5)**   *Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4), or material carried or otherwise moved by mudslide or mudflow.*


**Berkshire Hathaway**
**GUARD** Insurance Companies

<div align="right">

**P & C Claims**
**PO Box 1368**
**44 West Market Street**
**Wilkes-Barre, PA 18703**
**P: 800.673.2465**

</div>

**And** *Page 15-20 of 49, which states:*

**B. Exclusions**
**2. We will not pay for loss or damage caused by or resulting from any of the following:**
  **i. Other Types Of Loss**
  (1) Wear and tear;
  (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
  **p. Continuous Or Repeated Seepage Or Leakage Of Water**
  *Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.*

The inspection of the property by VeriClaim Inc., retained by AmGUARD in connection with this loss, revealed the following:

> [U]pon inspection of the building we found multiple areas of the interior of the building where rainwater leakage has caused damages to the walls and ceiling materials. We inspected the roof and did not find any signs of wind damages. We did find multiple cracks and breaks in the rolled roofing materials as a result of wear and tear over an extended period of time. The Insured stated that a rooftop A/C condenser was damaged as a result of the rain; however all units were working during our time of inspection. The Insured also pointed out a section of exterior signage attached to the front elevation that he claims as being damaged by wind; however we completed online research that found the signage was not present at the time of June 2016. We did find that rising flood waters highly affected the building causing damages to contents and interior building materials.

Based upon the investigation, AmGUARD has determined the cause of loss was due to rainwater leakage through the roofing materials due to wear and tear. Pursuant to the above exclusions, AmGUARD disclaims coverage to Smokers Express Wine & Spirit LLC, and will not indemnify Smokers Express Wine & Spirit LLC for the losses in connection with this claim.

Due to, but not necessarily limited to the foregoing policy coverage and/or definitions, we must respectfully conclude that AmGUARD's Businessowner's Coverage Form does not provide coverage for the subject claim. This denial decision is by way of illustration rather than limitation. The specificity of this denial is not to be construed as a waiver or modification of the terms, conditions, exclusions or limitations of the insurance contract upon which a claim has been made or a waiver of any defenses, which may be available to AmGUARD, all of which are specifically reserved.

Please refer to **Endorsement Texas Changes (BP 01 18 11 13)**, which states:

*4. Paragraph E.4. Legal Action Against Us Property Loss Condition is replaced by the following, except as provided in 7. below:*
*4. Legal Action Against Us*
  *a. Except as provided in Paragraph b., no one may bring a legal action against us under this insurance unless:*
    *(1) There has been full compliance with all of the terms of this insurance; and*

<div align="right">

Page 3 of 5

</div>



**Berkshire Hathaway**
**GUARD** Insurance Companies

**P & C Claims**
**PO Box 1368**
**44 West Market Street**
**Wilkes-Barre, PA 18703**
**P: 800.673.2465**

*(2) The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.*

If you believe our determination was based on information or documentation that is in error, please advise us in writing immediately, and we will promptly reconsider our determination. You may also take this matter up with the Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701, or by phone at 1-(512)-676-6000 or on the web at http://www.tdi.texas.gov/.

AmGUARD expressly reserves its right to supplement this letter by raising additional defenses to coverage and asserts all defenses based upon law or policy terms and conditions, exclusions and/or limitations of the Policy either during the course of any inquiry into the facts relating to this claim or in any future litigation or proceeding pertaining to insurance coverage in this matter. No actions heretofore or hereinafter taken by AmGUARD Insurance Company shall be construed as either a waiver of its policy provision or its rights thereunder all of which are hereby reserved.

Please be advised that while there is no coverage under your policy for the above-mentioned damages, you may seek alternative coverage under the National Flood Insurance Plan or you may qualify for disaster assistance from The Federal Emergency Management Agency ("FEMA"). For further information regarding these alternative sources of coverage, please contact the entities using the information below:

National Flood Insurance Plan: 1-800-427-4661
The Federal Emergency Management Agency: 1-800-621-3362, disasterassistance.gov
Texas Windstorm Insurance Association FAIR Plan: 1-800-788-8247, https://www.twia.org/

Thank you for your cooperation during the course of our investigation. If you have any questions regarding anything in this letter or additional information that you would like to bring to our attention, please do not hesitate to contact the undersigned. If you discover any additional damage, materials/and or documents for us to review, please contact us.

Waiving none, but in all other respects, reserving the rights and defenses of AmGUARD Insurance Company, I remain.

Respectfully,

*Nona Loftus*

Nona F. Loftus
P&C Claims Supervisor
Berkshire Hathaway GUARD Insurance Company

CC:
GLOBAL FINANCIAL & INSURANCE SERVICES INC.

*Accord Services, Inc.*
*PO Box 4581*
*Lake Charles, LA 70606*
*Telephone: (818) 262-5104*
*Fax: (337) 409-4458*

| | |
|---|---|
| Date: | 08/23/18 |
| From: | Kermith Sonnier |
| Re: | Smokers Express Wine and Spirits, LLC |
| Insurance Co.: | Berkshire Hathaway/AMGuard Insurance Co. |
| Policy No.: | SMBP842731 |
| Claim No.: | SMBP842731-001-001-001 |
| Loss Location: | 1050 N 16th Street |
| | Orange, TX 77630 |
| Date of Loss: | 08/29/17 |
| Type of Loss: | Hurricane |

**ATTN: Mr. Parsons**

**_Comments:_**

We received this claim from the Law Firm of Lindsay, Lindsay and Parsons on August 1, 2018. We inspected the property with the insured on August 7, 2018.

We have written our estimate and took photos of the damages that the insured informed us was caused from the hurricane. Our estimate totals $117,979.15 which is $115,960.89 on the building and $2,018.26 for Other Structures which is the fence.

We found some damage to the flat roof. You can see where the insured had put seal in the holes. See photos 2,3, and 6-17. There was also water stains on the interior on the walls. It is my opinion that the roof would need to be replaced. Also, we have attached copies of the bid for the sign and a paid receipt for the AC unit.

We have addressed all these items in our estimate. Thank you for the assignment. Feel free to contact me with any questions.

| | |
|---|---|
| Building Loss & Damages per Detail | $115,960.89 |
| Other Structures Loss & Damages per Detail | $ 2,018.26 |
| | $117,979.15 |
| Less Deductible | $ 4,080.00 |
| **Total Net Claim** | **$113,899.15** |

Sincerely,



Kermith Sonnier
Estimator
Accord Services, Inc.

1



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

| | | | |
|---|---|---|---|
| Insured: | Smokers Express Wine & Spirit LLC | Home: | (409) 727-7131 |
| Property: | 1050 N 16th St | | |
| | Orange, TX 77630 | | |
| | | | |
| Claim Rep.: | Kermith Sonnier | Business: | (818) 262-5104 |
| Business: | PO Box 4581 | | |
| | Lake CHarles, LA 70606 | | |
| | | | |
| Estimator: | Kermith Sonnier | Business: | (818) 262-5104 |
| Business: | PO Box 4581 | | |
| | Lake CHarles, LA 70606 | | |

**Claim Number:** SMBP842731-001-001    **Policy Number:** SMBP842731    **Type of Loss:** Wind Damage

| | | | |
|---|---|---|---|
| Date Contacted: | 8/2/2018 | | |
| Date of Loss: | 8/25/2017 | Date Received: | 8/1/2018 |
| Date Inspected: | 8/7/2018 | Date Entered: | 8/20/2018 7:50 AM |

Price List:    TXBM8X_JUL18
Restoration/Service/Remodel
Estimate:    SMOKERSEXPRESSWINE&S



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

**SMOKERSEXPRESSWINE&S**

### General

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1.  Residential Supervision / Project Management - per hour | 25.00 HR | 53.00 | 0.00 | 265.00 | 1,590.00 | (0.00) | 1,590.00 |
| 2.  Dumpster load - Approx. 20 yards, 4 tons of debris | 1.00 EA | 612.44 | 0.00 | 122.48 | 734.92 | (0.00) | 734.92 |
| 3.  Temporary power usage (per month) | 2.00 MO | 109.80 | 18.12 | 47.54 | 285.26 | (0.00) | 285.26 |
| 4.  R&R Temporary power - hookup | 1.00 EA | 323.30 | 0.00 | 64.66 | 387.96 | (0.00) | 387.96 |
| 5.  Temporary toilet (per month) | 2.00 MO | 167.00 | 0.00 | 66.80 | 400.80 | (0.00) | 400.80 |

| Totals:  General | | | 18.12 | 566.48 | 3,398.94 | 0.00 | 3,398.94 |
|---|---|---|---|---|---|---|---|

### Main Level

#### Roof1

7754.25  Surface Area
358.00  Total Perimeter Length

77.54  Number of Squares

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 6.  R&R Rubber roofing - Mechanically attached - 60 mil | 84.54 SQ | 399.86 | 681.06 | 6,897.04 | 41,382.26 | (0.00) | 41,382.26 |
| 7.  R&R Insulation - perlite board, 1-1/2" | 84.54 SQ | 238.64 | 672.28 | 4,169.40 | 25,016.31 | (0.00) | 25,016.31 |
| 8.  Membrane roofing - cant strips - perlite | 285.00 LF | 1.92 | 10.35 | 111.52 | 669.07 | (0.00) | 669.07 |
| 9.  R&R Cap flashing | 285.00 LF | 16.11 | 253.46 | 968.98 | 5,813.79 | (0.00) | 5,813.79 |
| 10.  Digital satellite system - Detach & reset | 2.00 EA | 28.81 | 0.00 | 11.52 | 69.14 | (0.00) | 69.14 |
| 11.  Digital satellite system - alignment and calibration only | 2.00 EA | 86.44 | 0.00 | 34.58 | 207.46 | (0.00) | 207.46 |
| 12.  Dumpster load - Approx. 40 yards, 7-8 tons of debris | 1.00 EA | 801.34 | 0.00 | 160.26 | 961.60 | (0.00) | 961.60 |
| 13.  Detach & Reset Central air - condenser unit - 5 ton - 14-15 SEER | 2.00 EA | 501.99 | 0.00 | 200.80 | 1,204.78 | (0.00) | 1,204.78 |
| 14.  Heat, Vent, & Air Conditioning (Bid Item) | 1.00 EA | 5,750.38 | 0.00 | 0.00 | 5,750.38 | (0.00) | 5,750.38 |

| Totals:  Roof1 | | | 1,617.15 | 12,554.10 | 81,074.79 | 0.00 | 81,074.79 |
|---|---|---|---|---|---|---|---|

### Signs



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 15. Bid from FastSigns in Nederland* | 1.00 EA | 14,766.16 | 0.00 | 0.00 | 14,766.16 | (0.00) | 14,766.16 |
| 16. Lighted Arrow Sign* | 1.00 EA | 982.00 | 0.00 | 196.40 | 1,178.40 | (0.00) | 1,178.40 |
| Sign found on ebay, price does include shipping | | | | | | | |

| Totals: Signs | | | 0.00 | 196.40 | 15,944.56 | 0.00 | 15,944.56 |
|---|---|---|---|---|---|---|---|

| Total: Main Level | | | 1,617.15 | 12,750.50 | 97,019.35 | 0.00 | 97,019.35 |
|---|---|---|---|---|---|---|---|

## Interior

**Room1**   Height: 12'

4216.00 SF Walls
11524.69 SF Walls & Ceiling
812.08 SY Flooring
351.33 LF Ceil. Perimeter

7308.69 SF Ceiling
7308.69 SF Floor
351.33 LF Floor Perimeter

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 17. Clean more than the ceiling | 8,714.03 SF | 0.26 | 232.20 | 454.58 | 2,952.43 | (0.00) | 2,952.43 |
| 18. Paint the surface area - one coat | 8,714.03 SF | 0.55 | 79.08 | 974.36 | 5,846.16 | (0.00) | 5,846.16 |
| 19. Mask and prep for paint - plastic, paper, tape (per LF) | 351.33 LF | 1.16 | 6.67 | 82.84 | 497.05 | (0.00) | 497.05 |
| 20. Floor protection - self-adhesive plastic film | 7,308.69 SF | 0.54 | 72.36 | 803.82 | 4,822.87 | (0.00) | 4,822.87 |
| 21. Final cleaning - construction - Commercial | 7,308.69 SF | 0.15 | 108.53 | 219.26 | 1,424.09 | (0.00) | 1,424.09 |

| Totals: Room1 | | | 498.84 | 2,534.86 | 15,542.60 | 0.00 | 15,542.60 |
|---|---|---|---|---|---|---|---|

| Total: Interior | | | 498.84 | 2,534.86 | 15,542.60 | 0.00 | 15,542.60 |
|---|---|---|---|---|---|---|---|

### Fence

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 22. R&R Wood fence 5'- 6' high - cedar or equal | 32.00 LF | 32.05 | 39.97 | 213.12 | 1,278.69 | (0.00) | 1,278.69 |
| 23. R&R Wood gate 5'- 6' high - cedar or equal | 12.00 LF | 49.47 | 22.65 | 123.28 | 739.57 | (0.00) | 739.57 |

| Totals: Fence | | | 62.62 | 336.40 | 2,018.26 | 0.00 | 2,018.26 |
|---|---|---|---|---|---|---|---|

| Line Item Totals: SMOKERSEXPRESSWINE&S | | | 2,196.73 | 16,188.24 | 117,979.15 | 0.00 | 117,979.15 |
|---|---|---|---|---|---|---|---|



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

## Grand Total Areas:

| | | |
|---|---|---|
| 4,216.00 SF Walls | 7,308.69 SF Ceiling | 11,524.69 SF Walls and Ceiling |
| 7,308.69 SF Floor | 812.08 SY Flooring | 351.33 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 351.33 LF Ceil. Perimeter |
| 7,308.69 Floor Area | 7,604.25 Total Area | 4,216.00 Interior Wall Area |
| 6,219.08 Exterior Wall Area | 358.00 Exterior Perimeter of Walls | |
| 7,754.25 Surface Area | 77.54 Number of Squares | 358.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 115,960.89 | 98.29% | 115,960.89 | 98.29% |
| Other Structures | 2,018.26 | 1.71% | 2,018.26 | 1.71% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 117,979.15 | 100.00% | 117,979.15 | 100.00% |



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 97,974.94 |
| Material Sales Tax | 1,793.38 |
| Cleaning Mtl Tax | 7.19 |
| Subtotal | 99,775.51 |
| Overhead | 7,925.92 |
| Profit | 7,925.92 |
| Cleaning Sales Tax | 333.54 |
| **Replacement Cost Value** | **$115,960.89** |
| **Net Claim** | **$115,960.89** |

Kermith Sonnier



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

## Summary for Other Structures

| | |
|---|---:|
| Line Item Total | 1,619.24 |
| Material Sales Tax | 62.62 |
| Subtotal | 1,681.86 |
| Overhead | 168.20 |
| Profit | 168.20 |
| **Replacement Cost Value** | **$2,018.26** |
| **Net Claim** | **$2,018.26** |

Kermith Sonnier

**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

### Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---|---|
| **CLEANING** | | | **3,361.95** | **2.85%** |
| Coverage: Dwelling | @ | 100.00% = | 3,361.95 | |
| **GENERAL DEMOLITION** | | | **10,372.58** | **8.79%** |
| Coverage: Dwelling | @ | 97.61% = | 10,124.86 | |
| Coverage: Other Structures | @ | 2.39% = | 247.72 | |
| **ELECTRICAL - SPECIAL SYSTEMS** | | | **230.50** | **0.20%** |
| Coverage: Dwelling | @ | 100.00% = | 230.50 | |
| **MISC. EQUIPMENT - COMMERCIAL** | | | **982.00** | **0.83%** |
| Coverage: Dwelling | @ | 100.00% = | 982.00 | |
| **FENCING** | | | **1,371.52** | **1.16%** |
| Coverage: Other Structures | @ | 100.00% = | 1,371.52 | |
| **HEAT, VENT & AIR CONDITIONING** | | | **1,003.98** | **0.85%** |
| Coverage: Dwelling | @ | 100.00% = | 1,003.98 | |
| **LABOR ONLY** | | | **1,325.00** | **1.12%** |
| Coverage: Dwelling | @ | 100.00% = | 1,325.00 | |
| **PAINTING** | | | **9,146.95** | **7.75%** |
| Coverage: Dwelling | @ | 100.00% = | 9,146.95 | |
| **ROOFING** | | | **50,455.96** | **42.77%** |
| Coverage: Dwelling | @ | 100.00% = | 50,455.96 | |
| **TEMPORARY REPAIRS** | | | **827.20** | **0.70%** |
| Coverage: Dwelling | @ | 100.00% = | 827.20 | |
| **O&P Items Subtotal** | | | **79,077.64** | **67.03%** |

| Non-O&P Items | | | Total | % |
|---|---|---|---|---|
| **MISC. EQUIPMENT - COMMERCIAL** | | | **14,766.16** | **12.52%** |
| Coverage: Dwelling | @ | 100.00% = | 14,766.16 | |
| **HEAT, VENT & AIR CONDITIONING** | | | **5,750.38** | **4.87%** |
| Coverage: Dwelling | @ | 100.00% = | 5,750.38 | |
| **Non-O&P Items Subtotal** | | | **20,516.54** | **17.39%** |
| **O&P Items Subtotal** | | | **79,077.64** | **67.03%** |
| **Material Sales Tax** | | | **1,856.00** | **1.57%** |
| Coverage: Dwelling | @ | 96.63% = | 1,793.38 | |
| Coverage: Other Structures | @ | 3.37% = | 62.62 | |
| **Cleaning Mtl Tax** | | | **7.19** | **0.01%** |
| Coverage: Dwelling | @ | 100.00% = | 7.19 | |
| **Overhead** | | | **8,094.12** | **6.86%** |
| Coverage: Dwelling | @ | 97.92% = | 7,925.92 | |
| Coverage: Other Structures | @ | 2.08% = | 168.20 | |
| **Profit** | | | **8,094.12** | **6.86%** |
| Coverage: Dwelling | @ | 97.92% = | 7,925.92 | |
| Coverage: Other Structures | @ | 2.08% = | 168.20 | |
| **Cleaning Sales Tax** | | | **333.54** | **0.28%** |

SMOKERSEXPRESSWINE&S                    8/20/2018        Page: 7



**Accord Services Inc**

PO Box 4581
Lake Charles, LA 70606

| Coverage: Dwelling | @ | 100.00% ≈ | | 333.54 | |
|---|---|---|---|---|---|
| **Total** | | | | **117,979.15** | **100.00%** |



**FASTSIGNS**
More than fast. More than signs.

1415 S Highway 69
Nederland, TX 77627
(409) 344-8440

# ESTIMATE
## EST-2281

More than fast. More than signs. ®
fastsigns.com/2111

Payment Terms: Cash Customer

**Created Date:** 8/9/2018

**DESCRIPTION:** Max Metal 3mm sign 76' x 7'

**Bill To:** Smoker Express
1050 N. 16th st
orange, TX 77632
US

**Pickup At:** FASTSIGNS-PORT ARTHUR
1415 S Highway 69
Nederland, TX 77627
US

**Requested By:** Sayed Maredia
Email: smokerexpress@yahoo.com

**Salesperson:** Altaf Panjwani
Email: altaf.panjwani@fastsigns.com

| NO. | Product Summary | QTY | UNIT PRICE | TAXABLE | AMOUNT |
|---|---|---|---|---|---|
| 1 | **Max Metal 3mm sign 76' x 7'** | 1 | $8,140.80 | $8,140.80 | $8,140.80 |
| 1.1 | Dibond/Max Metal 3mm - | | | | |
| | Part Qty: 20 | | | | |
| | Width: 96.00" | | | | |
| | Height: 48.00" | | | | |
| | Sides: 1 | | | | |
| 2 | **Installation** | 1 | $5,500.00 | $5,500.00 | $5,500.00 |
| 2.1 | Installation - | | | | |
| | Text: | | | | |
| | Removing old sign.Install new sign | | | | |

| | |
|---|---|
| **Subtotal:** | $13,640.80 |
| **Taxable Amount:** | $13,640.80 |
| **Taxes:** | $1,125.36 |
| **Grand Total:** | $14,766.16 |

Signature: _____   Date: _____

Generated On: 8/9/2018 2:37 PM

8/22/2018 IMG_0273.JPG

**B & J SERVICES**
P.O. Box 1161
Orange, Texas 77630
409-988-4206

**SERVICE ORDER**
001100

| ☐ SERVICE ☒ INSTALL | ☐ PICKUP ☐ DELIVERY | REPAIR IN ☐ HOME ☐ SHOP | DATE ORDERED 6 / 15 / 18 |
|---|---|---|---|

Name [illegible] ☐ C.O.D. ☐ CHARGE
Address [illegible] Phone [illegible]
City Orange State TX Zip [illegible]

| MAKE | MODEL | SERIAL NO. |
|---|---|---|
| Lennox | 5 ton package unit | |

| ☐ WARRANTY ☐ CONTRACT ☐ ESTIMATE | SERVICE REQUESTED [illegible] | DATE PROMISED |
|---|---|---|

| QTY. | PART NO. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|
| | | Installed new Lennox | | |
| | | 5 ton package unit | | [illegible] |
| | | [illegible] | | |
| | | new compressor | | |
| | | [illegible] | | [illegible] |
| | | [illegible] | | |
| [illegible] | | [illegible] | | [illegible] |

| WORK PERFORMED | TIME START | TOTAL MATERIAL | |
|---|---|---|---|
| Installed system | TIME FINISH | LABOR AND SERVICE | |
| [illegible] | HOURS | TAX | [illegible] |

DATE COMPLETED [illegible] CASH ☐ ON COMPLETION ☐ [illegible] TOTAL [illegible]

I hereby acknowledge the above repair work and charges [illegible] satisfactory and acknowledge that equipment has been left in good condition.

[signature] TECHNICIAN SIGNATURE [signature]

**THANK YOU**

# SMOKER EXPRESS WINE &SPIRITS

**1050 16TH STREET**
**ORANGE,TX 77630**
**PH#409-882-9000**

| ITEMS | QTY | COST | TOTAL |
|---|---|---|---|
| Showcases | 17 | 500.00 | 8,500.00 |
| POS System | 2 | 2,500.00 | 5,000.00 |
| 2 Doors Cooler | 5 | 2,000.00 | 10,000.00 |
| Doors | 4 | 200.00 | 800.00 |
| Gondola Shelving | 40 | 100.00 | 4,000.00 |
| Big Gondola Back Rack | 15 | 100.00 | 1,500.00 |
| Cigarette Rack | 2 | 1,500.00 | 3,000.00 |
| Outside Store Sign | 1 | 5,000.00 | 5,000.00 |
| Walking Cooler | 1 | 10,000.00 | 10,000.00 |
| Air Condition unit | 2 | 7,500.00 | 15,000.00 |
| Office Furniture include computer | | 5,000.00 | 5,000.00 |
| Main door | 1 | 2,000.00 | 2,000.00 |
| Damage Cigarette Inventory | | | 20,000.00 |
| Liquor and Beer Inventory | | | 30,000.00 |
| Flooring and damage clean up | | | 4,000.00 |
| | | | |
| | | | |
| | | | 123,800.00 |



Int :: Modisoft Back Office                                    https://pos.modisoftinc.com/ebreports/print?ActionID=1&Report...

Smoker Express
1060 N 16th Street
Orange, TX, 77630

## Daily Sales Monthly Report
### Aug 1 2017 To Aug 29 2017

| In | | Out | |
|---|---|---|---|
| Taxable Sales | 153836.17 | Deposit | 68439.57 |
| Non Taxable Sales 2.84% | 4167.38 | Lotto Cashes | 0.00 |
| Total Grocery Sales | 158003.55 | Scratch Off Cashes | 629.00 |
| Sales Tax | 12691.28 | Credit Card Jobber | 89495.47 |
| Other Income | 0.00 | Credit Card Non Jobber | 0.00 |
| Fuel Amount | 0.00 | Daily Loan Charge Amount | 177.77 |
| Daily Loan Account Receivable | 100.00 | Food Stamps | 0.00 |
| Instant Ticket Sales (Manual) | 1073.00 | Expenses | 454.18 |
| Money Fresh Bank | 0.00 | Cash Purchase | 734.18 |
| Cash Card Non Jobber | 0.00 | ATM | 9400.00 |
| Cash Card Jobber | 0.00 | Withdrawal | 0.00 |
| Money Order | 1040.16 | Daily Closing Cash | 0.00 |
| Money Order Fee | 0.99 | Daily Closing Check | 0.00 |
| Money Transfer | 0.20 | **Total Out** | **167270.17** |
| Money Transfer Fee | 0.00 | | |
| Lottery Sales | 0.00 | | |
| Lotto | 5601.00 | **Over/Short** | **-7600.84** |
| Daily Opening Cash | 0.00 | | |
| Daily Opening Check | 0.00 | | |
| **Total In** | **174771.01** | | |

Copyright © Modisoft Inc. All rights reserved.
www.modisoftinc.com

This one is sale before Harvey

Aug 1st to Aug 29 2017



EXHIBIT

fnt :: Modisoft Back Office                    https://pos.modisoftinc.com/obreports/print?ActionID=1&Report...

Smoker Express
1050 N 16th Street
Orange, TX, 77630

## Daily Sales Monthly Report
### Sep 15 2017 To Sep 30 2017

| In | | Out | |
|---|---|---|---|
| Taxable Sales | 55209.02 | Deposit | 34669.35 |
| Non Taxable Sales 8.90% | 3535.97 | Lotto Cashes | 201.00 |
| Total Grocery Sales | 58744.99 | Scratch Off Cashes | 138.08 |
| Sales Tax | 6074.76 | Credit Card Jobber | 52695.55 |
| Other Income | 1026.90 | Credit Card Non Jobber | 0.00 |
| Fuel Amount | 0.00 | Daily Lego Change Account | 0.00 |
| Daily Loan Account Receivable | 0.00 | Food Stamps | 62.60 |
| Instant Ticket Sales (Manual) | 410.00 | Expenses | 2594.15 |
| Money From Bank | 0.00 | Cash Purchase | 3207.04 |
| Cash Card from Jobber | 0.00 | ATM | 7760.66 |
| Cash Card Jobber | 0.00 | Withdrawal | 0.00 |
| Money Order | 0.00 | Daily Closing Cash | 0.00 |
| Money Order Fee | 0.00 | Daily Closing Check | 0.00 |
| Money Transfer | 0.00 | **Total Out** | **101810.92** |
| Money Transfer Fee | 0.00 | | |
| Lottery Sales | 0.00 | | |
| Lotto | 341.00 | **Over/Short** | **4906.97** |
| Daily Opening Cash | 0.00 | | |
| Daily Opening Check | 0.00 | | |
| **Total In** | **95504.65** | | |

Copyright © Modisoft Inc. All rights reserved.
www.modisoftinc.com

—This is one Is   Sept 2017 sale.
           from 15th to sept 30 2017
we opened out on 15th Sept After
                    Harvey

Smoker Express
1060 N 16th Street
Orange, TX, 77030

## Daily Sales Monthly Report
### Aug 1 2016 To Aug 31 2016

| In | | Out | |
|---|---|---|---|
| Taxable Sales | 100286.07 | Deposit | 68322.97 |
| Non Taxable Sales 8.16% | 13080.72 | Lotto Cashes | 201.00 |
| Total Grocery Sales | 103585.79 | Scratch Off Cashes | 603.00 |
| Sales Tax | 12300.93 | Credit Card Jobber | 87904.85 |
| Other Income | 1207.74 | Credit Card Non Jobber | 0.00 |
| Fuel Amount | 0.00 | Daily Loan Change Account | 139.80 |
| Daily Loan Account Receivable | 0.00 | Food Stamps | 0.00 |
| Instant Ticket Sales (Manual) | 1475.00 | Expenses | 14402.90 |
| Money From Bank | 0.00 | Cash Purchase | 5959.16 |
| Cash Card Non Jobber | 0.00 | ATM | 7250.00 |
| Cash Card Jobber | 0.00 | Withdrawal | 0.00 |
| Money Order | 3201.83 | Daily Closing Cash | 0.00 |
| Money Order Fee | 1369.46 | Daily Closing Check | 0.00 |
| Money Transfer | 0.00 | **Total Out** | **184949.60** |
| Money Transfer Fee | 0.00 | | |
| Lottery Sales | 0.00 | | |
| Lotto | 1148.00 | **Over/Short** | **871.35** |
| Daily Opening Cash | 0.00 | | |
| Daily Opening Check | 0.00 | | |
| **Total In** | **184275.18** | | |

Copyright © Modisoft Inc. All rights reserved.
www.modisoftinc.com

*Monthy*
*This one Is Sale of Aug 2016*

int :: Modisoft Back Office

https://pos.modisoftinc.com/ebreports/print?ActionID=1&Report...

Smoker Express
1050 N 16th Street
Orange, TX, 77630

## Daily Sales Monthly Report
### Sep 1 2016 To Sep 30 2016

## In

| | |
|---|---|
| Taxable Sales | 168763.53 |
| Non Taxable Sales 0.08% | 16005.03 |
| Total Grocery Sales | 168768.59 |
| Sales Tax | 12818.74 |
| Other Income | 887.70 |
| Fuel Amount | 0.08 |
| Daily Loan Account Receivable | 100.00 |
| Instant Ticket Sales (Manual) | 1706.00 |
| Money From Bank | 0.00 |
| Cash Card Non Jobbor | 0.08 |
| Cash Card Jobber | 0.00 |
| Money Order | 4193.74 |
| Money Order Fee | 230.00 |
| Money Transfer | 47.37 |
| Money Transfer Fee | 0.00 |
| Lottery Sales | 0.00 |
| Lotto | 774.00 |
| Daily Opening Cash | 0.00 |
| Daily Opening Check | 0.00 |
| **Total In** | **187708.11** |

## Out

| | |
|---|---|
| Deposit | 62001.08 |
| Loto Cashan | 8.00 |
| Scratch Off Cashto | 037.05 |
| Credit Card Jobber | 93275.10 |
| Credit Card Non Jobbo | 0.05 |
| Daily Loan Charge Account | 140.09 |
| Food Stamps | 100.00 |
| Expenses | 10917.28 |
| Cash Purchase | 14279.82 |
| ATM | 10208.00 |
| Withdrawal | 0.00 |
| Daily Closing Cash | 0.00 |
| Daily Closing Check | 0.00 |
| **Total Out** | **192787.95** |
| | |
| **Over/Short** | **6081.84** |

Copyright © Modisoft Inc. All rights reserved.
www.modisoftinc.com

*Monthly*

*This one is 2016 sale of September*